U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

2016 AUG 22 P 3: 41

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | )   Case No. 2:16·MJ·176·JHR |
| v. | ) |
| | )   **21 U.S.C. §§ 841(a)(1),** |
| **JOSEPH KEENE** | )   **841(b)(1)(C)** |

## CRIMINAL COMPLAINT

I, Thomas D. Lapierre, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

## COUNT 1
### (Possession with Intent to Distribute Methamphetamine and Cocaine)

On about August 19, 2016, in the District of Maine, defendant

## JOSEPH KEENE

knowingly and intentionally possessed with intent to distribute a mixture or substance containing methamphetamine and a mixture or substance containing cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(C) apply to the conduct described herein.

1

This Complaint is based on those facts which are set forth in my affidavit of August 22, 2016, which is attached hereto and incorporated herein by reference.

Thomas D. Lapierre
Task Force Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence this 22nd day of August, 2016.

John H. Rich III
United States Magistrate Judge

2

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Thomas D. Lapierre, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C).  I have been a Task Force Agent with the Drug Enforcement Administration ("DEA") since 2007 and I am presently assigned to the Portland, Maine, office.  I have been a police officer since 2002. I have received extensive training pertaining to narcotic investigations and the investigation of various crimes which arise from drug trafficking activities. During my career as a law enforcement officer, I have participated in numerous investigations into the unlawful distribution of illegal drugs, in violation of Title 21 of the United States Code and the drug laws of the State of Maine. I have conducted or participated in, among other things, surveillance, undercover transactions, execution of search and arrest warrants, debriefings of informants and confidential sources, and reviews of taped conversations relating to narcotics trafficking. I have authored drug-related search warrants and successfully executed such warrants finding drugs and other contraband. I have also assisted in the execution of numerous drug-related search and arrest warrants.

2.     I make this affidavit in support of a criminal complaint charging Joseph Keene with possession with intent to distribute methamphetamine and cocaine.

3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

## PROBABLE CAUSE

4.     On August 19, 2016, at approximately 2:30 a.m., a trooper with the Maine State Police stopped a black Chevy Impala on Interstate 95 in York, Maine, for speeding and operating

in the center lane except to pass. The registered owner, operator, and sole occupant of the Impala was identified as Joseph Keene.

5.      During the traffic stop, the trooper observed that Keene appeared very nervous. When asked where he was coming from, Keene stated that he was on his way back from Portland. (The traffic stop occurred south of Portland and Keene was traveling northbound.)

6.      A narcotic detecting canine and the canine handler subsequently responded to the scene of the stop. The canine gave a positive alert for the presence of narcotics in the vehicle.

7.      A search of the vehicle revealed three separate packages wrapped in black electrical tape in the trunk. After unwrapping the electrical tape, law enforcement officers discovered three separate vacuum sealed packages containing suspected narcotics.

8.      The first package weighed approximately 519.9 grams (including the vacuum seal packaging). A field test of the contents of this package was conducted using a "TruNarc" device and was presumptively positive for methamphetamine. The second package weighed approximately 720.5 grams (including the vacuum seal packaging). A field test of the contents of this package was conducted using a "TruNarc" device and was presumptively positive for cocaine. The third package weighed approximately 259.6 grams (including the vacuum seal packaging). A field test of the contents of this package was conducted using a "TruNarc" device and was not conclusive for the presence of a controlled substance.

9.      Based on my training and experience, I believe that the quantities of methamphetamine and cocaine seized from the Impala are consistent with further distribution and inconsistent with personal use.

2

## CONCLUSION

10.    I respectfully submit, based on the facts set forth above, that probable cause exists to charge Joseph Keene by Criminal Complaint with the offense of Possession with Intent to Distribute a mixture or substance containing methamphetamine and a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1), and request that the accompanying Criminal Complaint be issued.

Thomas D. Lapierre
Task Force Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence this 22nd day of August, 2016.

John H. Rich III
United States Magistrate Judge

3